## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GEORGE BEARDEN,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-844E-21-0215-I-2<br><br><br>DATE: December 14, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Forasiepi</u>, <u>Bobby Devadoss</u>, and <u>Shane Robertson</u>, Dallas, Texas, for the appellant.

<u>Jo Antonette Bell</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed an Office of Personnel Management (OPM) reconsideration decision denying his disability retirement application. On petition for review, the appellant argues, among other things, that his former employing agency failed to submit a Standard Form 3112B, Supervisor's Statement, for his disability

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

retirement application that would have helped establish his disability, and that the administrative judge failed to consider all of his medical records, but instead selectively cited certain portions to affirm OPM's denial of his disability retirement application. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        We agree with the administrative judge that the appellant failed to demonstrate that he was disabled for purposes of entitlement to disability retirement benefits. The appellant's post-removal assertions and evidence of his disability are entitled to little weight. The U.S. Court of Appeals for the Federal Circuit found in *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1380-82 (Fed. Cir. 2009), that post-separation evidence of an appellant's medical condition may be considered in determining eligibility for disability retirement benefits, and can be very probative of a prior disability "[w]here proximity in time, lay testimony, or some other evidence provides the requisite link to the relevant period." However, the court added that there are circumstances when such evidence would be irrelevant or entitled to little weight, such as when a later medical condition is attributable to some incident that occurred after the period in

question, or when there is a substantial lapse of time and a lack of evidence connecting the prior condition to the more recent medical evidence. *Id.* at 1382. These are the precise circumstances presented here. The appellant's claim for disability retirement benefits relies heavily on an August 31, 2020 doctor's letter, in which findings are based on the state of the appellant's medical conditions as of that date. *Bearden v. Office of Personnel Management*, MSPB Docket No. DC-844E-21-0215-I-1, Initial Appeal File (IAF), Tab 20 at 4-7. What is missing from this letter is an evidentiary link demonstrating that the appellant was disabled during the relevant period, i.e., prior his February 26, 2019 removal from his former employing agency for misconduct. The absence of this link, combined with the lapse in time between the appellant's removal and the August 2020 letter, renders the letter entitled to little weight. Further, to the extent that the letter describes the appellant's subjective reports of disabling conditions extending to before his removal, such reports are not entitled to weight because they are contradicted by the most competent medical evidence, which is the evidence contemporaneous with the appellant's pre-removal service or following, but not significantly after his removal, none of which indicates that the appellant was disabled during his Federal service for purposes of entitlement to disability retirement benefits.[2] IAF, Tabs 10-21.

---

[2] On review, the appellant argues for the first time that his former employing agency failed to submit a Standard Form (SF) 3112B, Supervisor's Statement, as part of his disability retirement application that would have helped establish his entitlement to disability retirement benefits, and that the Department of Veterans Affairs had upgraded his disability rating from 90% to 100% "total and permanent." Petition for Review (PFR) File, Tab 3 at 4-5. The appellant did not explain why he was unable to raise these arguments prior to the close of the record on appeal and we thus need not consider them. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). In any event, the appellant makes no proffer of the information that a completed SF-3112B would have contained or the particular import of his upgraded disability rating, and we are thus unable to assess the relevance of his claims. Further, the appellant could have obtained the information sought on the SF-3112B from his former employing agency through the discovery process. *Brownscombe v. Office of Personnel Management*, 37 M.S.P.R. 382, 386 (1988), *aff'd*, 871 F.2d 1097 (Fed. Cir. 1989) (Table); 5 C.F.R. § 1201.73. Similarly, we need not consider the March 18, 2020 doctor's note the appellant submits for the first time on review, PFR File, Tab 3 at 6, because he fails to show that it was

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

unavailable, despite the exercise of due diligence, before the record closed below.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  In any event, the letter post-dates the appellant's removal by over 1 year and does not establish that he was disabled prior to his removal.  Finally, regarding the appellant's argument that the administrative judge did not consider all of the evidence and cited only selected portions to support her finding that he failed to establish his entitlement to disability retirement benefits, PFR File, Tab 3 at 5, the fact that the administrative judge did not mention all of the evidence does not mean that she did not consider it in reaching her decision.  *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:       _____
                     Jennifer Everling
                     Acting Clerk of the Board

Washington, D.C.